IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI



FILED
JUL 20 2016
DAVID CREWS, CLERK
BY _____ Deputy

UNITED STATES OF AMERICA

v.

CRIMINAL CASE NO. 4:16CR074
18 U.S.C. § 1347
18 U.S.C. § 1349

NATHANIEL BROWN

### INDICTMENT

The Grand Jury charges that:

#### Count One
(Healthcare Fraud Conspiracy)

#### Introduction

At all times relevant herein:

1. Sandra Livingston owned and operated Sandanna Hospice and Milestone Hospice. Both Sandanna and Milestone applied for and received a Medicare provider number to purportedly provide hospice services in the Northern District of Mississippi. Sandanna Hospice applied for and received a Medicaid provider number.

2. Lara Lynn Thompson was employed by Sandra Livingston at both Sandanna Hospice and Milestone Hospice.

3. NATHANIEL BROWN, defendant, was a medical doctor and served as the medical director for both Milestone Hospice and Sandanna Hospice.

#### The Medicare / Medicaid Programs and Hospice Care

4. The Centers for Medicare & Medicaid Services (CMS), a federal agency within the United States Department of Health and Human Services, was a department of the United

1

States government with responsibilities under federal law for the funding, administration and supervision of certain health care programs, including the Medicare and Medicaid programs. Medicare and Medicaid were both "health care benefit programs" as defined in 18 U.S.C. § 24(b).

5. Medicare was a federal health insurance program that provided coverage for individuals 65 years or older and for certain disabled individuals. Medicare was financed by federal funds from payroll taxes and premiums paid by beneficiaries.

6. The Medicare program consisted of several parts, one of which, relevant to this Indictment, was referred to as "Part A" hospital insurance, which covered inpatient care in hospitals, nursing homes and skilled nursing facilities. If certain requirements were met, Part A also covered hospice care.

7. The Medicaid Program was a joint Federal and State funded health insurance program that was administered by the State Division of Medicaid. Medicaid provided medical care to low income individuals and certain others with disabilities. Although Medicaid was a federal program, private insurance organizations called intermediaries and carriers contracted with CMS to process and pay claims submitted by health care providers. Under certain conditions, Medicaid would pay claims for hospice care.

8. To qualify for hospice care under Medicare and Medicaid, a patient must be certified by a physician as terminally ill with a life expectancy of six months or less if the terminal condition runs its normal course. At the end of a 90 day enrollment period, a physician may re-certify a patient for hospice care if the patient remained terminally ill. See 42 C.F.R. § 418.21.

9. Sandanna Hospice and Milestone Hospice, as purported hospice providers, submitted claims and received payments from Medicare. Sandanna Hospice also submitted claims and received payments from Medicaid.

10. DR. NATHANIEL BROWN, defendant, certified patients as terminally ill and referred patients to both Sandanna Hospice and Milestone Hospice.

11. From June 2011 until July 2014, Sandra Livingston, through Sandanna Hospice and Milestone Hospice, submitted claims for reimbursement to Medicare for hospice services that resulted in the total payment of approximately $6,188,211 in Medicare funds to Sandanna Hospice and Milestone Hospice; and the payment of approximately $352,074 in Medicaid funds to Sandanna Hospice.

12. Specifically as to DR. NATHANIEL BROWN, defendant, Sandra Livingston, through Sandanna Hospice and Milestone Hospice, submitted claims for reimbursement to Medicare for hospice services related to patients referred to Sandanna Hospice and Milestone Hospice by DR. NATHANIEL BROWN. The claims submitted for patients that were certified as terminally ill and referred by DR. NATHANIEL BROWN resulted in the payment of approximately $1,941,254 in Medicare funds to Sandanna Hospice and Milestone Hospice.

### The Conspiracy to Defraud Medicare and Medicaid

13. From on or about November 2011 through on or about July 2014, in the Northern District of Mississippi and elsewhere, defendant, DR. NATHANIEL BROWN, did knowingly and willfully conspire and agree with Sandra Livingston and Lara Lynn Thompson, who are not charged in this Indictment, and others known and unknown to the Grand Jury, to execute a scheme and artifice, affecting interstate commerce, to defraud a health care benefit program, that is, Medicare and Medicaid, and to obtain money and property owned by and under the custody

and control of Medicare and Medicaid, by means of false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for health care benefits, items and services, in violation of Title 18, United States Code, Section 1347 and 1349.

### Manner and Means

14. It was part of the conspiracy that DR. NATHANIEL BROWN certified numerous patients as terminally-ill and qualified for hospice when in truth and in fact, the patients were not terminally-ill and did not qualify for hospice care. At the time he certified the patients, DR. NATHANIEL BROWN knew that Sandra Livingston would submit fraudulent claims to Medicare and Medicaid and receive payments from Medicare and Medicaid based on his false certifications and referrals.

15. It was part of the conspiracy that Lara Lynn Thompson assisted Sandra Livingston in using patient recruiters to collect names and identifying information and to solicit patients for Sandanna Hospice and Milestone Hospice that were not hospice appropriate. These patient recruiters often transported the patients directly to DR. NATHANIEL BROWN.

16. It was part of the conspiracy that Sandra Livingston then fraudulently submitted claims to Medicare and Medicaid for hospice services that were not medically necessary for patients who had been solicited and recruited by patient recruiters and falsely certified as terminally-ill by DR. NATHANIEL BROWN.

### Overt Acts

17. During and in furtherance of the conspiracy and to affect the objects of the conspiracy, at least one of the co-conspirators committed at least one of the following overt acts on or about the dates listed.

18. From on or about November 2011 to on or about January 2014, Sandra Livingston, through Sandanna Hospice and Milestone Hospice, paid DR. NATHANIEL BROWN approximately $47,750 in checks plus additional payments in cash. Each payment to DR. NATHANIEL BROWN was a separate overt act in furtherance of the conspiracy.

19. As described in the following chart, DR. NATHANIEL BROWN falsely certified the listed patients as terminally-ill and hospice appropriate when in truth and in fact, the listed patients were not terminally-ill and were not hospice appropriate. Sandra Livingston, through Milestone Hospice, then submitted fraudulent claims for reimbursement to Medicare on or about the dates listed for alleged hospice services based on DR. NATHANIEL BROWN'S false certifications. Each false certification by DR. NATHANIEL BROWN represents a separate overt act in furtherance of the conspiracy:

|    | Patient | Claim Dates (Approx.) | Amount Paid by Medicare (Approx. Total) |
|----|---------|----------------------|------------------------------------------|
| a. | A.G.    | 1/29/13-5/31/13      | $16,119                                  |
| b. | B.H.    | 10/22/12-9/3/13      | $41,545                                  |
| c. | C.K.    | 3/11/13-1/31/14      | $42,224                                  |
| d. | D.D.    | 10/8/12-7/10/13      | $36,264                                  |
| e. | E.A.    | 9/30/13-12/1/13      | $12,266                                  |
| f. | J.L.    | 3/18/13-7/31/13      | $17,678                                  |
| g. | L.J.    | 1/28/13-1/31/14      | $44,213                                  |
| h. | R.F.    | 1/28/13-1/31/14      | $44,213                                  |
| i. | R.R.    | 10/15/12-7/9/13      | $35,208                                  |
| j. | W.B.    | 1/7/13-10/17/13      | $37,098                                  |

All in violation of Title 18, United States Code, Section 1349.

5

## COUNTS TWO THROUGH SIX
(Healthcare Fraud)

1. The allegations contained in paragraphs 1 through 19 of Count One of this Indictment are re-alleged and incorporated herein.

2. On or about the dates listed in the chart below, in the Northern District of Mississippi, defendant, DR. NATHANIEL BROWN, aided and abetted by others known and unknown to the Grand Jury, did knowingly and willfully execute a scheme and artifice, affecting interstate commerce, to defraud a health care benefit program, that is, Medicare, and to obtain money and property owned by and under the custody and control of Medicare, by means of false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for health care benefits, items and services; that is, DR. NATHANIEL BROWN certified each of the patients listed in the chart below as terminally-ill and qualified for hospice when in truth and in fact, the patients were not terminally-ill and did not qualify for hospice care, and at the time he certified the patients, DR. NATHANIEL BROWN knew that Sandra Livingston would submit fraudulent claims to Medicare and receive payments from Medicare based on his false certifications and referrals, each patient constituting a separate count of this Indictment, in violation of Title 18, United States Code, Sections 2 and 1347:

| Count | Patient | Claim Dates (Approx.) | Amount Paid by Medicare (Approx. Total) |
|---|---|---|---|
| 2 | A.G. | 1/29/13-5/31/13 | $16,119 |
| 3 | B.H. | 10/22/12-9/3/13 | $41,545 |
| 4 | J.L. | 3/18/13-7/31/13 | $17,678 |
| 5 | R.R. | 10/15/12-7/9/13 | $35,208 |
| 6 | W.B. | 1/7/13-10/17/13 | $37,098 |

All in violation of Title 18, United States Code, Sections 2 and 1347.

A TRUE BILL

/s/ Signature Redacted
FOREPERSON

[signature]
UNITED STATES ATTORNEY